# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TREVOR R. ANDERSON, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 08-cv-567-JPG |
| vs. ) | |
| ) | CRIMINAL NO. 06-cr-40067 |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. Petitioner pleaded guilty to one count of conspiracy to manufacture and distribute in excess of 50 grams of methamphetamine. On September 6, 2007, Petitioner was sentenced to 188 months imprisonment, four years supervised release, a fine of $5000, and a special assessment of $100. No direct appeal was taken, but Petitioner subsequently filed the instant motion under § 2255. In the instant motion, Petitioner raises two separate but intertwined issues: (1) his sentence was improperly enhanced upon an erroneous finding that he was a career offender, and (2) counsel was ineffective in failing to raise this issue at sentencing.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the

> Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, *except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence*. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more than severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

Plea agreement at ¶ III.2 (Doc. 39, criminal case; emphasis added).

The first question, then, is: Does the issue raised within Petitioner's § 2255 motion fall within the exception to his waiver ("except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court . . . , the Defendant reserves the right to appeal the reasonableness of the sentence")? If so, the second question goes to the merits of his argument: was he improperly sentenced as a career offender?

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, address both questions posed above, and shall attach all relevant portions of the record.

**IT IS SO ORDERED.**

**Dated: December 18, 2008.**

                                                      **s/ J. Phil Gilbert**
                                                      **U. S. District Judge**