UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TREVOR R. ANDERSON, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 08-cv-567-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Trevor R. Anderson (Doc. 1). The Government has responded to the motion, and Petitioner has replied. Also before the Court is the Motion to Hold Petitioner's Motion to Vacate, Set Aside, or Amend Sentence Pursuant to 28 U.S.C. § 2255 in Abeyance Pending State Court Hearing to Clarify Conviction (Doc. 8) filed by Petitioner. For the following reasons, the Court DENIES both Motions.

## BACKGROUND

On March 3, 2007, a grand jury charged Trevor R. Anderson (Anderson) by indictment with conspiracy to manufacture methamphetamine. On June 7, 2007, Anderson entered a plea of guilty pursuant to a cooperating plea agreement with the Government. At the change of plea hearing, the Government advised the Court that the parties believed Anderson would be considered a "career offender" under the federal sentencing guidelines. The Pre-Sentence Report prepared by probation for the Court also concluded that Anderson was a career offender under the guidelines because he had two prior convictions for unlawful delivery of cannabis. No party objected to the Pre-Sentence Report, and the Court adopted it. Now, Anderson contends that one of his prior convictions was actually for possession of cannabis, not delivery. He

contends that this error resulted in his being wrongly considered a career offender. He contends that this mistake led the Court to erroneously calculate his guideline range. He asserts that his counsel was ineffective for failing to object to the conclusion that he is a career offender.

The Government counters that both of Anderson's prior convictions were for delivery of cannabis, and that he was correctly considered to be a career offender. The Government also argues that the waiver of direct appeal and collateral attack rights contained in the plea agreement forecloses Anderson's arguments.

## ANALYSIS

The Court concludes that Anderson voluntarily waived his right to collaterally attack the calculation of his guideline range, and so does not reach the question of whether Anderson was properly considered a career offender.

In exchange for the benefits he received, Anderson waived his right to a direct appeal and to a collateral attack under 28 U.S.C. § 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, *the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.* The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more than severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

Plea agreement at ¶ III.2 (Doc. 39, criminal case; emphasis added).

A defendant may waive the right to direct appeal and collateral attack as part of a written plea agreement. *Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir.1999). A defendant will even be bound to a waiver barring the right to bring a collateral attack pursuant to § 2255 based on ineffective assistance of counsel or involuntariness, so long as the plea agreement itself was voluntarily entered into and was not the result of ineffective assistance of counsel. *Id*. at 1145. The courts will enforce the clear and unambiguous terms of a plea agreement, including waivers of appellate rights. *See United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007).

At his change of plea hearing, the Court placed Anderson under oath, determined that he was competent to proceed, and questioned him about the voluntariness of his decision to enter into the plea agreement. The Court made the factual finding that Anderson was competent and that his guilty plea was made knowingly and voluntarily. Anderson has given the Court no reason to disturb that finding. Anderson informed the Court that he was aware that his plea agreement waived his appellate rights. The plea agreement itself clearly and unambiguously waived the right to appeal the Court's calculation of the guideline range, and reserved only the right to appeal a sentence imposed in excess of the guideline range found by the Court.

The Court rejects Anderson's argument that he did not knowingly enter into the plea agreement because he was unaware at the time of the agreement of the exact parameters of the arguments he was agreeing to forego. A defendant may voluntarily agree to waive arguments he has not yet formulated. To hold otherwise would result in an exception that consumes the rule.[1]

---

[1] In fact, it is clear from the record that Anderson *was* aware of the parameters of the argument he now attempts to raise. During his change of plea hearing, the Court was informed that the parties believed Anderson qualified as a career offender. Anderson did not object to the written Pre-Sentence Report which included the finding that he had two or more convictions for delivery of cannabis. Nor did he object during his sentencing, when the Court orally informed Anderson that he was considered to be a career offender

3

The waiver of appellate rights contained in Anderson's plea agreement is enforceable and precludes the arguments raised in Anderson's habeas petition. Furthermore, as the Court has concluded that Anderson is foreclosed from collaterally attacking the Court's calculation of his guideline range, the question of whether one of his prior convictions was for delivery of cannabis or possession of cannabis is immaterial. As such, there is no need for the Court to await the outcome of Anderson's state court motion to clarify his sentence. Accordingly the Court will deny Anderson's Motion to hold these proceedings in abeyance.

## CONCLUSION

The Court **DENIES** Anderson's Motion to Hold Petitioner's Motion to Vacate, Set Aside, or Amend Sentence Pursuant to 28 U.S.C. § 2255 in Abeyance Pending State Court Hearing to Clarify Conviction (Doc. 8). The Court **DENIES** the Petition for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Doc. 1). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: April 30, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

within the meaning of the guidelines because he had two or more convictions for delivery of cannabis, nor when his own attorney mentioned his prior convictions for "a couple deliveries of cannabis."